**Edward L. Paul, Esquire (EP8529)**
**Paul & Katz, P.C.**
**1103 Laurel Oak Road, Suite 105C**
**Voorhees, New Jersey  08043**
**(856) 435-6565**
**Attorney for Elite Construction Corporation**

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF: | IN PROCEEDING UNDER CHAPTER 13 OF THE BANKRUPTCY CODE |
| FELUCENE FELICITAS AND LIZA FELICITAS | |
| | CASE NO.: 19-21117 |
| Debtor. | |

### OBJECTION TO CHAPTER 13 PLAN

Elite Construction Corporation (hereinafter referred to as "Landlord"), through its attorneys, Paul & Katz, P.C., by way of objection to Debtors' Chapter 13 Plan respectfully represents:

1. Elite Construction Corporation is a creditor of the Debtors.  Elite Construction Corporation ("Elite") entered into a contract to build the Debtors' home at 97 Oregon Avenue, Waretown, New Jersey.  Debtors failed to make timely payments in accordance with the contract between the parties.

2. When Debtors failed to make payments, a lawsuit was filed by Elite against the Debtors in the Superior Court of New Jersey.  The Debtors attended an arbitration resulting in an award in favor of Elite Construction Corporation in the amount of $140,816.00 plus reasonable attorneys fees.  Elite Construction Corporation has incurred the sum of $15,438.97 in attorneys fees and costs prior to Debtors' bankruptcy filing in connection with the Superior Court action.

3. Elite Construction Corporation submits that the arbitration award is a reasonable

estimate of the damages incurred by Elite Construction Corporation and if trial would occur based on the contract, any amount would be higher insofar as Elite Construction Corporation is also due interest on all amounts due at the rate of 1.5% per month from the due date up to and including date of payment. While Elite Construction Corporation understands that no interest would accrue after the date of the bankruptcy filing, interest nonetheless is appropriate until the date of Debtors' bankruptcy filing along with all counsel fees incurred prior to filing. It is submitted that Elite Construction Corporation is the largest unsecured creditor in Debtors' case.

        4.      Elite Construction Corporation objects to Debtors' Plan of Reorganization because the value of Debtors' residence at 97 Oregon Avenue, Waretown, New Jersey is under estimated by the Debtors. Elite Construction Corporation requests a valuation hearing to determine the value of this real estate. It is submitted that the home built by Elite Construction Corporation was a new home after Hurricane Sandy destroyed the old residence. At the time the new home was built, the cost was $300,000.00 plus upgrades in the amount of $12,990.00. The Debtors already owned the land which was assessed at $79,100.00 by the municipality. It is submitted that Debtors' residence it worth at least $385,000.00. This creditor is seeking a valuation hearing and an opportunity to obtain its own appraisal of Debtors' premises. The appraiser has requested an inspection of Debtors' residence.

        5.      Elite Construction Corporation also objects to Debtors' plan because it fails to provide all of the Debtors disposable income for payment to creditors. Debtors own a boat which is not necessary to their reorganization. The Debtors list expenses of $87.50 per month for the boat slip and boat insurance of $15.00 per month. These amounts could be paid towards creditors.

        6.      Debtors also list $500.00 per month being paid toward Debtor's sister's college expenses. Elite Construction Corporation submits that it is inappropriate for Debtors to fund his sister's college education at the expense of creditors. Debtor's sister can certainly obtain financial

aid to assist her with college expenses. Debtor's sister should be financing her own education rather than Debtors doing so at the expense of creditors. This is an additional $500.00 per month that could be utilized to pay debts.

7.     Debtors also list his mother and sister as dependents. However, there is no explanation as to income of Debtors' mother or sister and their contribution toward household expenses. It appears that Debtors' mother is not living with the Debtors to provide childcare since Debtors are paying $800.00 per month in childcare costs. If Debtors are going to claim their sister and parent as a dependent, all income of these family members and all expenses of these family members should be disclosed. Debtors have failed to explain all financial circumstances to permit the Trustee, this Court and creditors to determine true disposable income.

8.     Debtors' plan also provides for student loans to be paid outside of the plan. § 1322 (a)(3) of the Bankruptcy Code provides "if the plan classifies claims, shall provide the same treatment for each claim within a particular class;" Debtors cannot create a class of unsecured claims to be paid outside the plan since this will enable the student loan creditors to receive a higher distribution than other unsecured creditors. Elite Construction Corporation submits that any student loan obligation should be paid on a pro-rata basis with other unsecured creditors through Debtors plan.

WHEREFORE, Elite Construction Corporation objects to confirmation of Debtors' Plan of Reorganization and requests that Debtor's case be dismissed.

                Paul & Katz, P.C.
                Attorneys for Creditor, Elite Construction Corporation


                By:    /s/ Edward L. Paul
                      EDWARD L. PAUL, ESQUIRE

Dated: 8/6/19